# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL.

San Juan, Equity, No. 940.

ON MOTION TO CONSOLIDATE.

Consolidation—Time.

　1. The object of consolidation is to save expense and make orders effective in both cases. It will not be granted where the party making the motion has already pending another motion to dismiss for want of equity.

Consolidation—Not Before Answer Filed.

　2. There can be no consolidation until the court knows the issues in the two causes, and this cannot be until an answer is filed, until which a motion to consolidate is premature.

Opinion filed July 21, 1914.

Welch & Co. v. Central San Cristobal.

*Mr. H. G. Molina* for complainant.

*Mr. J. Henri Brown* for United States Mortgage & Trust Company.

HAMILTON, Judge, delivered the following opinion:

This case comes up on complainant's motion to consolidate this case with the case of the United States Mortg. & T. Co. v. Central San Cristobal.

1. The motion necessarily applies to both cases. One cannot be consolidated without the other, and the court does not think that the situation is ripe for this consolidation. There may a time come when it will be proper to consider both cases together. The object of a consolidation is to save expense and to make the orders which may be rendered in one case effective in the other. But the party making the motion, Welch & Company, is not in a condition to urge it at this time. Welch & Company have made a motion to dismiss the bondholders' suit for want of equity. As I understand it, that is their sole pleading except this motion. If that motion is granted, there will be nothing to consolidate. So that, until that motion is decided, it would seem as if it were premature to pass upon any such application.

2. Furthermore, the method of a consolidation must be that the court must know the issues in the two cases which are to be consolidated. The fact that they may be between the same parties does not control. The issues must be more or less germane, and until there is an answer filed by Welch & Company in the bondholders' suit, the court cannot know the issues in the new case. The authorities cited have not been pointed out as arising before an answer of the defendant in

Welch & Co. v. Central San Cristobal.

either of the suits in question. If there is such authority I would be glad to see it, but I apprehend that there cannot be. It would be improper for a court to consolidate two cases against the will of a party to one of them, unless it is fully aware of the issues in those two cases and could say that they could properly be tried in the same suit. When Welch & Company file an answer,—and this will work no hardship upon them because they can file it at any moment,—and the issues are defined, then the court will be glad to take a submission upon a motion to consolidate and consider the cases which have been cited. At present it looks as if the matter was premature, and, so far as the convenience of selling all the property at one time is concerned, there is no application made in the Welch & Company Case to sell the property so far as the court recollects. So it would seem, while that might be a good ground for considering the motion, it is not important at present.

It would seem as if the reason for the application and for a number of other motions which are made is that the court is going to take a recess for two months. That is bound to happen every year, and has happened every year, and the court does not think that it ought to be a controlling factor. So for the present, and simply for the present, the motion is denied.